## Commonwealth v. Oliver, Appellant.

Submitted November 8, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, and MANDERINO, JJ.

*Eugene H. Clarke, Jr.,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 19, 1973:

On November 13, 1969, Dunbar Thompson, the owner of Murray's Hi-Spot Bar, located at 1919 West Columbia Avenue, died as a result of a knife wound which he received about 8:30 p.m., while inside his bar, close to the entrance. As appellant, James Oliver, entered the bar, Thompson stopped him and ordered him to leave because he was under age. As Thompson pushed him toward the door, appellant stabbed him in the chest with a knife. Nathan Bagby, a patron at the bar, testified that when appellant walked into the bar, Thompson said, "I told you, you are too young to be in a bar; I want you to get out." Thompson then grabbed appellant by both arms and spun him around and started to push him out. Bagby heard a thump, saw Thompson bending over and saw appellant walk past him with an object in his hand with something red on it. At that time, someone shouted, "Catch him, catch him; he stabbed Dunbar [Thompson]." Another witness, Ernestine Kinard, who knew appellant for about three years, testified that she was in the taproom when appellant entered. She saw him argue with Thompson and saw him take a knife out of his pocket and stab Thompson in the chest. Two other witnesses were present, one of whom saw appellant enter and heard Thompson ask appellant for his age card, and

saw Thompson attempt to push appellant out of the premises, after which he saw Thompson bleeding from the chest.

Oliver was tried before a jury and, on September 30, 1971, was found guilty of murder in the second degree. After denial of his post-trial motions, Oliver was sentenced to a term of six to twenty years. A direct appeal was taken to our court, but before argument, appellant's trial counsel was relieved of responsibility. New counsel was appointed, who petitioned this court to remand the case to the Court of Common Pleas for the filing of a Post Conviction Hearing Act petition. The case was remanded, a Post Conviction Hearing Act petition was filed, and following an evidentiary hearing on May 9, 1972, the petition was denied. This appeal followed.

Appellant raises only one issue in this appeal. He contends that he was deprived of his constitutional right to competent counsel because his trial counsel failed to establish, in cross-examination of Mrs. Ernestine Kinard, the Commonwealth's key eyewitness, that Mrs. Kinard had a personal animus against appellant because, at the time of trial, appellant was charged with killing her husband.

In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967), we enunciated the test to be employed in determining whether a defendant has received constitutionally sufficient counsel. Under that test: "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." 427 Pa. at 604.

The notes of testimony indicate that appellant's trial counsel did get Mrs. Kinard to admit that, although appellant was a friend of her husband, she "did not like him" and "still [doesn't] like him." For trial

counsel to introduce evidence of the prior homicide to show the reason for Mrs. Kinard's hostility toward appellant would have been extremely risky. It might have established, in the minds of the jurors, that appellant was indeed a violent character, which would certainly have prejudiced appellant's chances, rather than helping his case. Under these circumstances, the decision made by appellant's counsel to reveal to the jury the personal malice which Mrs. Kinard bore towards appellant but refrain from the risks inherent in revealing the reason for that malice cannot be said to be without "some reasonable basis designed to effectuate his client's interest."

Order affirmed.

Mr. Justice NIX took no part in the consideration or decision in this case.